## HAYWOOD *v.* CHARLESTOWN.

Where the selectmen of a town make a return of the laying out of a highway, which is duly recorded, but no petition for the laying out is recorded or to be found, parol evidence is admissible to prove the existence of such petition and its contents, in order to show that the selectmen had jurisdiction of the subject matter.

In an action for damages against a town for a defect in a highway, the town can not be heard to object that the selectmen did not give proper notice to the land-owners of the hearing when said highway was laid out, or on account of any other irregularities in the proceedings of the selectmen.

CASE, for damage caused by defects in a highway.

The parties and the cause of action are the same as in *Haywood* v. *Charlestown,* 34 N. H. 23, and the evidence there reported was introduced on the trial at this term.

The plaintiff also introduced evidence tending to show that the selectmen laid out the highway upon a written petition, presented to them for that purpose. The defendants objected that there was no evidence that the petition was ever filed with the town-clerk, or recorded by him. The court ruled that it was not necessary that the petition should have been filed or recorded, and the defendants excepted.

The defendants objected that the return of the selectmen did not show that they laid out the road on any petition, or on what petition, or that notice was given, or that due proceedings were had by the selectmen. The court overruled these objections, and the defendants excepted.

The jury returned a verdict for the plaintiff, which the defendants moved to set aside, and the questions of law arising upon the case were reserved.

*Cushing,* and *Burke & Wait,* for the defendants.

*Baker,* and *Wheeler & Faulkner,* for the plaintiff.

SARGENT, J. It must be assumed here, of course, that the jury have found that this highway was laid out upon a petition for this identical highway, as described in the laying out, so far as it is necessary that any petition should describe the route of the road prayed for; at least locating and properly describing the termini of the route. It is not objected that the evidence offered did not properly tend to prove all these facts, if parol evidence can, in any case, be competent to prove them.

The statute under which this highway was laid, provides that " When the selectmen of any town shall lay out a highway, they shall make a return thereof, in which the way shall be particularly described and the width thereof stated, and shall cause the same to be recorded by the clerk." The statute does not, in terms, require that any thing else be recorded than the laying out of the highway, with the description thereof; yet that the selectmen should cause the petition and all their proceedings upon it, with their return of the laying out, to be recorded as a matter of convenience, and in

order that the record may show all they did, and also the foundation of their action, admits of no doubt. *Pritchard* v. *Atkinson*, 3 N. H. 335.

And we can not doubt that it is competent, when the return of the laying out is recorded, and the appraisal of land damages, as in this case, and no record made of the petition, to prove by secondary evidence that such a petition existed, and its contents, and that the highway was laid out by the selectmen upon such petition, after it had been shown that neither any record nor the original petition itself could be found.

And when it had thus been shown that the selectmen had jurisdiction in the premises; that they had a petition before them in proper form, praying for the laying out of this identical highway, and that they laid out the road and made their return, which was duly recorded, the objection that the return does not show that notice was given or due proceedings had by the selectmen, can not well be taken by the town in this proceeding and at this time. The statute requires no notice to be given to the town of the hearing before the selectmen on a petition to lay out a highway. The statute now requires the selectmen to notify the first petitioner and the land-owners. Rev. Stat., ch. 49, sec. 2; Comp. Laws 135. But at the time this highway was laid, it only required notice to the land-owners. N. H. Laws of 1830, 573. So that, whatever occasion other parties may have had to object to the proceedings of the selectmen, the town has none and can make none here. *State* v. *Richmond*, 26 N. H. 232.

*Judgment on the verdict.*